UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YANCY E. QUINN,

        Plaintiff,                        CIVIL ACTION NO. 08-11023

        v.                              DISTRICT JUDGE DENISE PAGE HOOD

COMMISSIONER OF                MAGISTRATE JUDGE VIRGINIA MORGAN
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on the motion of the defendant Commissioner to dismiss this *pro se* challenge to the social security payments received by plaintiff. The defendant submits that the court lacks subject matter jurisdiction. Plaintiff filed a response. For the reasons discussed in this Report, it is recommended that the motion be granted and case dismissed.

Plaintiff receives SSI. Some portion of that payment was initially withheld by Social Security to repay a state assistance grant he had received and to pay his lawyer's fee. (Ex. B to Defendant's Motion, Kennedy Declaration). Subsequently, in November/December 2007, the agency advised plaintiff that additional back benefits were being withheld to repay plaintiff's outstanding overpayment. Plaintiff did not file any request for reconsideration from these notices and did not file a request for waiver of the overpayment. He needs to do this and have it

- 1 -

adjudicated by the agency before the court has subject matter jurisdiction to review the agency's determination.

Title 42 U.S.C. § 405(g) is the exclusive jurisdictional basis for judicial review in cases arising under the Social Security Act. That section requires that before an individual can sue, there must be a "final decision" of the Commissioner. Then the action must commence within 60 days. A "final decision" requires the claimant/plaintiff to exhaust his administrative remedies. Under the regulations, the decisions of which plaintiff complains are "initial determinations." Plaintiff must ask for reconsideration, and if that is not successful, then for a hearing before an Administrative Law Judge. 20 C.F.R. § 416.1409(a), § 416.1430(b). If the ALJ's decision is unfavorable to plaintiff, plaintiff must request review of the decision by the Appeals Council. If the Appeals Council denies the request for review, the ALJ's decision becomes the "final decision" of the Agency and is subject to judicial review. Only then may this court review the Commissioner's decision. See, Casey v. Secretary of HHS, 987 F.2d 1230 (6th Cir. 1993). Plaintiff has not exhausted his administrative remedies and therefore may not bring this case now. Further, such remedies may grant plaintiff the relief he seeks.

The Supreme Court has long acknowledged that parties must exhaust prescribed administrative remedies before seeking relief in the federal courts. McCarthy v. Madigan, 503 U.S. 140, 144-145 (1992). This exhaustion doctrine is grounded in the Congressional delegation to the agencies for the primary responsibility of the programs they administer. Id. Only in certain special cases can exhaustion be excused, and this is only where the plaintiff raises a claim that is wholly collateral to his claim for benefits and makes a colorable showing that the claim

could not be remedied by retroactive award of benefits.  Heckler v. Ringer, 466 U.S. 602, 618 (1984).  That is not the case here.  Because of plaintiff's failure to exhaust, this case must be dismissed.  Heckler v. Ringer, 466 U.S. 602, 618-19 (1984).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit `Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                                s/Virginia M. Morgan
                                                Virginia M. Morgan
                                                United States Magistrate Judge

Dated: September 29, 2008

## PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on September 29, 2008.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan
